UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CITY OF SPEARFISH, a South Dakota Municipal Corporation, and ELKHORN RIDGE MANAGEMENT, LLC, a South Dakota Limited Liability Company, | CIV. 14-5039-KES |
| Plaintiffs, | |
| vs. | |
| DUININCK, INC., (MN), f/k/a DUININCK BROS., INC., d/b/a DBI, A Minnesota Corporation, | **ORDER TO REDUCE VERDICT** |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| AMERICAN TECHNICAL SERVICES, INC., | |
| Third-Party Defendant. | |

On January 19, 2017, the jury returned a verdict in favor of plaintiffs City of Spearfish and Elkhorn Ridge Management, LLC, on their breach of contract claim against defendant and third-party plaintiff, Duininck Inc., and in favor of Duininck on its negligence claim against American Technical Services (ATS). On January 23, 2017, Duininck moved to reduce the verdict. Docket 89. Plaintiffs oppose Duininck's motion. Docket 90. For the reasons stated below, the court grants Duininck's motion.

## FACTUAL BACKGROUND

On June 18, 2007, Spearfish and Elkhorn formed an agreement with Duininck to construct the Elkhorn Ridge Golf Course in Spearfish, South Dakota. Under the agreement, Duininck was the general contractor and Wyss Associates was the landscape architect. ATS was hired to conduct geotechnical exploration and analysis of the construction area. A pond was constructed as part of the golf course. After construction of the golf course was completed, the synthetic liner under the pond leaked several times. As a result of the damages incurred from the leaking pond, Spearfish and Elkhorn sued Duininck alleging breach of contract. Duininick then filed a third-party complaint alleging that, if Duininck breached its contract to Spearfish and Elkhorn, it was the result of negligence on the part of Wyss and ATS. Before trial, Spearfish and Elkhorn entered into settlement agreements with ATS for $10,000 and Wyss for $40,000.

Prior to trial, Wyss and ATS moved for summary judgment. Docket 36; Docket 37. This court granted summary judgment on behalf of Wyss and denied summary judgment on behalf of ATS. Docket 58 at 14. This court also concluded that, because ATS and Wyss entered into settlement agreements with Spearfish and Elkhorn, Duininck is entitled to a reduction in damages based either on the amount of the settlement with Wyss and ATS or the percentage of fault of Wyss and ATS, whichever is greater. *Id.* at 16-17. On January 19, 2017, the jury awarded Spearfish and Elkhorn $131,931.54 in damages on their breach of contract claim against Duininck. Docket 86. On

Duininck's third-party negligence claim against ATS, the jury found in favor of Duininck and determined that Duininck was 70 percent liable and ATS was 30 percent liable. *Id.* Duininck now moves to have the verdict reduced because it is entitled to contribution from Wyss and ATS. Docket 89. Plaintiffs resist Duininck's motion.

## DISCUSSION

### I. Whether plaintiffs waived the issue of contribution.

The court must determine whether Spearfish and Elkhorn waived the issue of contribution by not raising it prior to submitting the verdict to the jury in a motion for judgment as a matter of law. Rule 50(a)(2) of the Federal Rules of Civil Procedure states that "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. Pro. 50(a)(2). The Eighth Circuit has previously held that an issue that is not raised in a pre-verdict motion under Rule 50 cannot be preserved or reviewed later. *Graham Constr. Servs. Inc. v. Hammer & Steel, Inc.*, 755 F.3d 611, 618 (8th Cir. 2014).

Duininck argues that plaintiffs waived the issue by not raising it in their motion for a judgment as a matter of law. Plaintiffs argue that the issue of contribution between Duininck, Wyss, and ATS was not previously raised to the court because there was no reason to raise the issue until now. Docket 96 at 2. This court previously stated in its Memorandum Opinion and Order dated August 3, 2016, (Docket 58) that comparative fault applies to this case and

that Duininck "is entitled to a reduction in damages for which it is potentially liable because Wyss and ATS executed settlement agreements and releases." *See* Docket 58 at 15. This court also instructed the jury on contribution and included a special interrogatory so the jury could assign a percentage of fault on the verdict form. *See* Final Jury Instructions Docket 84. Spearfish, Elkhorn, and ATS were all represented at trial and failed to raise the issue of contribution until now.

Spearfish, Elkhorn, and ATS failed to ask the court to reconsider its ruling in its Memorandum Opinion and Order, and they failed to object to the jury instruction and the verdict form. Finally, and most importantly, they failed to raise the issue under Rule 50 at the close of evidence. Because Spearfish, Elkhorn, and ATS failed to object to the court's previous ruling, the jury instructions, the verdict form, and failed to raise the issue in its motion for judgment as a matter of law at the close of evidence, they waived the issue. But the court will briefly address plaintiffs' arguments.

## II. Whether Duininck is entitled to contribution from Wyss and ATS.

In South Dakota, joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." SDCL § 15-8-11. The South Dakota Supreme Court has held that under SDCL § 15-8-17[1] "nonsettling defendants were entitled to credit for the greater

---

[1] SDCL § 15-8-17 provides:

amount of settlement of the settling defendant's percentage of liability as ultimately determined, regardless of whether or not the settling defendant was later determined to be a joint tort-feasor." *Bego v. Gordan*, 407 N.W.2d 801, 812-13 (S.D. 1987)(citing *Schick v. Rodenburg*, 397 N.W.2d 464, 465 (S.D. 1986)). But "that rule assumes that the injured party has a possible remedy against the settling defendant as a joint tort-feasor." *Bego*, 407 N.W.2d at 803.

First, Spearfish and Elkhorn argue that Duininck is not entitled to contribution from Wyss and ATS because plaintiffs only asserted a claim for breach of contract against Duininck, and thus, Duininck is not liable in tort and is not a joint tortfeasor. Plaintiffs rely on *Hagemann v. NJS Engineering Inc.*, 632 N.W.2d 840, 843-44 (S.D. 2001), as support. In *Hagemann*, the South Dakota Supreme Court held that the county could not seek indemnity or contribution from the injured party's coworker because the coworker was immune from suit under the worker's compensation statute and could not be considered a tortfeasor under the law. *Id.* Spearfish and Elkhorn do not contend that Wyss and ATS are immune from suit so the rationale of *Hagemann* is not applicable here.

---

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

Second, the court will consider whether Spearfish and Elkhorn had a claim in tort against Duininck. Contribution is available where there is common liability to an injured person in tort. *Muller v. Gateway Bldg. Sys., Inc.*, 743 F.Supp.2d 1096. To show negligence, "a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury." *Fisher Sand & Gravel Co. v. S.D. Dep't of Transp.*, 558 N.W.2d 864, 867 (S.D. 1997). Whether or not a duty exists is a question of law. *Id.* When determining whether a duty exists, the court asks whether "a relationship exists between the parties such that the law will impose upon the defendant a legal obligation of reasonable conduct for the benefit of the plaintiff." *Casillas v. Schubauer*, 714 N.W.2d 84, 88 (S.D. 2006)(quoting *Estate of Shuck*, 577 N.W.2d 584, 586 (S.D. 1998)). Thus, a duty that arises out of a contract may also give rise to tort liability. *Limpert v. Bail*, 447 N.W.2d 48, 51 (S.D. 1989); *see also Hayward Baker, Inc. v. Shirttail Gulch Road Dist., Inc.*, No. 10-592-JLV, 2012 WL 3929211, at *4 (D.S.D. September 10, 2012).

The South Dakota Supreme Court advises trial courts to look to the Restatement (Second) of Torts § 324A (1965) to determine whether a duty exists. *Kuehl v. Horner (J.W.) Lumber Co.*, 678 N.W.2d 809, 812 (S.D. 2004). The Restatement (Second) of Torts § 324A states as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to the liability for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

In *Hayward Baker*, 2012 WL 3929211 at *1, the owner entered into a contract with a contractor to construct a tie-back anchor block system to prevent mud slides and slope failure. After the anchor block system allegedly failed to prevent subsequent slope failures, the contractor sued the owner for payment and the contractor counterclaimed for negligence. *Id.* at *2. The District Court for the District of South Dakota held that the contract established a relationship requiring the contractor to exercise reasonable care in the construction of the anchor system and that failure to exercise reasonable care could give rise to tort liability. *Id.* at *5. Here, Duininck agreed to provide services to Spearfish and Elkhorn, and the failure to exercise reasonable care when performing those services had the potential of increasing the risk of harm. Thus, Duininck's contract created a relationship that established a duty, and Spearfish and Elkhorn had a possible tort claim against Duininck.

Third, the court will consider the impact of Spearfish and Elkhorn's decision not to pursue a claim in tort against Duininck and whether that affects Duininck's ability to seek contribution. In *Burmeister v. Youngstrom*, 139 N.W.2d 226, 231 (S.D. 1965), the South Dakota Supreme Court held that the "right to contribution is determined by whether there is joint or several

liability rather than the presence of joint or concurring negligence. There can be no right to contribution unless the injured party has a possible remedy against two or more parties." *Id.* In reaching this conclusion, the South Dakota Supreme Court relied on the Commissioner's notes to the Uniform Contribution Among Tortfeasors' Act, which stated that " '[t]he common liability of the [t]ortfeasors to suffer adverse judgment at the instance of the injured person whether or not the injured person elects to impose it.' And it is further stated that the Act 'permits contribution among all tortfeasors whom the injured party *could* be held liable jointly and severally for the same damage or injury.' " *Id.* (quoting Commissioners' notes to the Uniform Contribution Among Tortfeasors' Act)(emphasis added). Thus, Spearfish and Elkhorn's decision not to bring a tort claim against Duininck does not affect Duininck's right to contribution from joint tortfeasors because contribution is available to all tortfeasors that "could" be liable.

Fourth, the court must evaluate whether Spearfish and Elkhorn had a possible remedy in tort against ATS and Wyss. As stated above, a relationship requiring the exercise of reasonable care establishes a duty, and failure to exercise that care could give rise to tort liability. *See Hayward Baker*, 2012 WL 3929211 at *5; *Casillas*, 714 N.W.2d at 88; Restatement (Second) of Torts § 324A (1965). Here, both Wyss and ATS agreed to provide services to Spearfish and Elkhorn, and the failure to exercise reasonable care when performing those services had the potential of increasing the risk of harm. Thus, Wyss and ATS owed a duty to Spearfish and Elkhorn and violation of that duty could give

rise to tort liability, so Spearfish and Elkhorn had a possible remedy against Wyss and ATS. Because Spearfish and Elkhorn had a possible remedy in tort against Duininck, a non-settling defendant, and a possible remedy in tort against Wyss and ATS, settling defendants, Duininck is entitled to contribution from Wyss and ATS under SDCL § 15-8-17.

## III.    Reduction of the verdict.

A release of one joint tortfeasor does not discharge the other joint tortfeasors, but it does reduce the claim against the other joint tortfeasors by the consideration paid for the release or the pro rata share of the tortfeasor's liability, whichever is greater. SDCL § 15-8-17. The "ultimate verdict against the nonsettling parties must be reduced by the amount of settlement." *Schick*, 397 N.W.2d at 468. Both settlement agreements between the plaintiffs and the third-party defendants acknowledge that Wyss and ATS are joint tortfeasors or joint obligors and that the money paid to the plaintiffs would be the pro rata share of the third-party defendants' liability. Docket 45-1 ¶6; Docket 45-2 ¶7.

Wyss paid plaintiffs $40,000 in exchange for its settlement agreement and release. Docket 45-2 ¶ 1. Because Duininck is entitled to contribution from Wyss and the court previously granted summary judgment in favor of Wyss, the $131,931.54 award to the plaintiffs will be reduced by $40,000. ATS paid plaintiffs $10,000 in exchange for its settlement agreement and release. Docket 45-1 ¶ 1. Because the jury found that ATS was 30 percent at fault for plaintiffs' damages and 30 percent of $131,931.54 is $39,579.46, the verdict will be

reduced by the larger sum. Thus, the verdict of $131,931.54 will be reduced by $79,579.46 to $52,352.08.

## IV.    Prejudgment Interest.

The ruling in *Reuben C. Setliff, III, M.D., P.C. v. Stewart*, 694 N.W.2d 859 (S.D. 2005), provides the framework for the court to determine the settlement payments and prejudgment interest. In *Setliff*, the South Dakota Supreme Court set out the following steps to calculate prejudgment interest on a settlement received prior to judgment from a joint tortfeasor:

> 1. the prejudgment interest is first calculated on the final judgment without deducting an off-set for amounts paid by a settling joint tortfeasor,
> 2. the plaintiff may then recover from the nonsettling defendants the prejudgment interest up to the date of settlement on the total judgment,
> 3. the plaintiff may receive prejudgment interest after the date of settlement from the nonsettling defendants only on the balance of the total judgment remaining after it is reduced by the settlement amount.

*Setliff*, 694 N.W.2d at 873.

Elkhorn and Spearfish are entitled to interest on the full amount of the verdict until payment or settlement by Wyss and ATS.[2] After the date of settlement, Elkhorn and Spearfish are entitled to interest on the amount of the verdict as reduced by the settlement amount. The parties agreed that the first date of interest would be August 20, 2012, because it is the date of Spearfish and Elkhorn's last repair invoice. The date of the verdict was January 19, 2017. Docket 85. Both Elkhorn and Wyss executed their settlement agreement

---

[2] Under SDCL § 54-3-16 the court applies the Category B rate of interest at 10 percent.

on October 8, 2015, for $40,000. Elkhorn and ATS executed their settlement agreement on November 23, 2015, and the jury determined that ATS was 30 percent at fault.

Based on the above framework, the following calculations apply:

1.    August 20, 2012, the date the interest starts, to October 8, 2015, the date of Wyss's settlement, is 1144 days. The daily interest on $131,931.51 is $36.15 per day ($131,931.51/365 = 361.5 x 0.10). The total interest before the first settlement is $41,355.60 (1144 days x $36.15).

2.    The court then reduces the principal amount by the amount of Wyss's settlement. The new principal amount is $91,931.54 ($131,931.51 - $40,000). October 8, 2015, the date of Wyss's settlement, to November 23, 2015, the date of ATS's settlement, is 46 days. The daily interest on $91,931.54 is $25.19 per day ($91,931.54/365 = 251.9 x 0.10). The total interest between the two settlement dates is $1158.74 (46 days x $25.19).

3.    The court then reduces the principal by the amount of ATS's settlement. The jury determined that ATS was 30 percent responsible, and 30 percent of the total verdict is $39,579.46. The principal amount is then reduced to $52,352.08 ($91,931.54 - $39,579.46). November 23, 2015, to June 6, 2017, the date of judgment, is 561 days. The daily interest of $52,352.08 is $14.34 per day ($52,352/365 = 143.4 x 0.10). Thus, the total interest between ATS's settlement date and the date of judgment is $8044.74 (561 days x $14.34).

The total prejudgment interest is all three amounts added together. Thus, the total prejudgment interest is $50,559.08 ($41,355.60 + $1158.74 + $8044.74).

## CONCLUSION

IT IS ORDERED that defendant/third-party plaintiff's motion to reduce verdict (Docket 89) is granted.

IT IS FURTHER ORDERED that the verdict (Docket 85) will be reduced to $52,352.08, and the plaintiffs will be awarded $50,559.08 in prejudgment interest.

DATED June 6, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE